UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
SHAMEIKA T. ALEXANDER,

         Plaintiff,

    -against-

COMMISSIONER OF SOCIAL
SECURITY,

         Defendant.

--------------------------------------------------X

REPORT AND
RECOMMENDATION
19 CV 5269 (EK)(RML)

LEVY, United States Magistrate Judge:

      By order dated March 11, 2026, the Honorable Eric R. Komitee, United States

District Judge, referred plaintiff's motion for attorney's fees to me for report and

recommendation.  For the reasons stated below, I respectfully recommend that the motion be

granted.

## BACKGROUND

      On September 16, 2019, plaintiff Shameika T. Alexander ("plaintiff") brought

this lawsuit challenging a decision by the Social Security Administration (the "SSA" or

"defendant") denying her application for disability insurance benefits.  (Complaint, filed Sept.

16, 2019 ("Compl."), Dkt. No. 1.)  Following remand to the SSA, an administrative law judge

issued a decision in plaintiff's favor and awarded her past-due benefits.  (Declaration of Howard

D. Olinsky, Esq., dated Mar. 9, 2026 ("Olinsky Decl."), Dkt. No. 28-1, ¶¶ 4, 8.)  Plaintiff's

counsel, Howard D. Olinsky, Esq. ("plaintiff's counsel" or "Olinsky") now seeks attorney's

fees.[1]  (Motion for Fees Under 42 U.S.C. § 406(b), dated Mar. 9, 2026 ("Mot."), Dkt. No. 28.)

---

[1]  Although the motion for attorney's fees is made by plaintiff, plaintiff's counsel is the real party
in interest, Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002), and defendant "has no direct
                                               *(Continued . . . .)*

Plaintiff retained Olinksy to initiate this civil action seeking judicial review and reversal of the SSA's final decision denying plaintiff's claim for benefits. (See generally Compl.; Olinsky Decl. ¶¶ 1, 3.) On September 12, 2019, plaintiff entered into a retainer agreement whereby she agreed that Olinsky "shall charge and receive as the fee an amount equal to twenty-five percent of the past due benefits awarded to Plaintiff and her family if she won her case." (Olinsky Decl. ¶ 3.) Plaintiff filed this action on September 16, 2019 and moved for judgment on the pleadings on June 5, 2020. (Compl.; Plaintiff's Motion for Judgment on the Pleadings, filed June 5, 2020, Dkt. No. 14.) On May 18, 2021, the parties stipulated to remand the case to the SSA. (Stipulation and Order of Remand to SSA, dated May 18, 2021, Dkt. No. 23; Clerk's Judgment, dated May 19, 2021, Dkt. No. 24.)

On August 17, 2021, Olinsky moved for attorney's fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. (Motion for EAJA Fees, dated Aug. 17, 2021, Dkt. No. 25.) The parties thereafter stipulated to plaintiff's recovery of attorney's fees in the amount of $2,744 under the EAJA, which were paid to Olinsky. (Stipulation and Order Regarding Attorney's Fees, dated Aug. 31, 2021, Dkt. No. 26.)

On September 29, 2025, the SSA mailed plaintiff a Notice of Award informing her that she would receive approximately $107,208 in past-due benefits, with twenty-five percent ($26,802) withheld as possible attorney's fees. (Notice of Award, attached as Ex. B to Olinsky

---

financial stake in the outcome of this motion." (Defendant's Response to Plaintiff's Motion for Attorney's Fees, dated Mar. 10, 2026, Dkt. No. 30, at 1.) "[T]he Commissioner 'plays a part in the fee determination resembling that of a trustee for the claimants.'" (Id. (quoting Gisbrecht, 535 U.S. 798 n.6).)

2

Decl., dated Sep. 29, 2025 ("Notice of Award"), Dkt. No. 28-3 at 4;[2] see also Olinsky Decl. ¶ 4 ("Total past due benefits for Plaintiff were $107,208.00").)  Olinsky submits in his declaration that the Notice of Award was sent to plaintiff's prior counsel, who had represented plaintiff before the SSA; prior counsel forwarded the Notice of Award to Olinsky on February 24, 2026. (Olinksy Decl. ¶ 4.)  By motion filed March 9, 2026, Olinsky now seeks $8,934 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1).  (Mot.; Olinsky Decl. at 3.)

"Defendant neither supports nor opposes [Olinsky's] request for attorney's fees under 42 U.S.C. § 406(b)."  (Response to Plaintiff's Motion for Attorney's Fees, dated Mar. 10, 2026 ("Def.'s Resp."), Dkt. No. 30, at 1.)

### DISCUSSION

I.      Timeliness

Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the fourteen-day filing period prescribed by Rule 54(d) of the Federal Rules of Civil Procedure.  Sinkler v. Berryhill, 932 F.3d 83, 91 (2d Cir. 2019).  The fourteen-day period begins to run when "counsel receives notice of the benefits award."  Id. at 88.  Furthermore, because Rule 54(d) allows judges to extend the fourteen-day deadline by court order, "district courts are empowered to enlarge that filing period where circumstances warrant."  Id. at 89.

The SSA issued the Notice of Award on September 29, 2025, and Olinsky filed the present motion 161 days later, on March 9, 2026.  (Olinksy Decl. ¶ 4.)  Olinsky claims that

---

[2]  The Notice of Award does not state the exact amount of past-due benefits awarded but notes that the SSA "usually" withholds twenty-five percent for potential attorney's fees and, in this case, was withholding $26,802.  (Notice of Award at 4.)  Based on this information, the court infers the total amount of past-due benefits as $107,208 (i.e. $26,802 x 4).

he did not receive the Notice of Award until February 24, 2026, when it was forwarded to him by plaintiff's prior counsel, and he submits email communications to that effect. (Id.)

Courts in this district have concluded that the fourteen-day period starts "when counsel receives notice of the benefit award . . . because until counsel receives notice of the award, the amount of the award remains 'as-yet-unknown' to the relevant party filing the § 406(b) motion." Hanlon v. Comm'r of Soc. Sec., No. 18 CV 7090, 2022 WL 103640, at *2 (E.D.N.Y. Jan. 11, 2022) (quoting Williams v. Comm'r of Soc. Sec., No. 18 CV 4734, 2021 WL 4480536, at *2 (E.D.N.Y. Sep. 30, 2021) (collecting cases)). "Starting the clock when a plaintiff receives notice would otherwise seem inequitable, 'depriving counsel of fees to which they are entitled through no fault of their own, and creating a perverse incentive for plaintiffs to conceal that they had received notice of benefits in order to avoid paying their attorneys and thereby keep the entirety of their awards for themselves.'" Logan v. Comm'r of Soc. Sec., No. 23 CV 1813, 2026 WL 787870, at *2 (E.D.N.Y. Mar. 20, 2026) (quoting Hanlon, 2022 WL 103640, at *1).

Accordingly, the court calculates the fourteen-day filing period from the date Olinsky received the Notice of Award from plaintiff's prior counsel. Olinsky received the Notice on February 24, 2026, and filed the present motion thirteen days later, on March 9, 2026. (Olinksy Decl. ¶ 4.) Therefore, I find the motion to be timely filed.

II.     Reasonableness of the Requested Fee

The Social Security Act "allows courts to grant reasonable attorney's fees for successful representation in Social Security Actions." Fields v. Kijakazi, 24 F.4th 845, 852 (2d Cir. 2022). Specifically, "§ 406(b) authorizes a court that enters a judgment favorable to a social security claimant to award, 'as part of its judgment,' a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled

4

'by reason of such judgment.'" Sinkler, 932 F.3d at 86 (quoting 42 U.S.C. § 406(b)(1)(A)). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990) (citations omitted). In assessing whether a requested fee is unreasonable, district courts should consider: (1) "whether the contingency percentage is within the 25% cap," (2) "whether there has been fraud or overreaching in making the agreement," and (3) "whether the requested amount is so large as to be a windfall to the attorney." Id. at 372; see also Fields, 24 F.4th at 849 (identifying factors for consideration in an unreasonableness inquiry under § 406(b), including "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay,[ ] and c) whether there was fraud or overreaching in the making of the contingency agreement").

The court finds the requested fee award of $8,934 to be reasonable. First, plaintiff retained Olinsky pursuant to a twenty-five percent contingency fee agreement. (Olinsky Decl. ¶ 3, Ex. A.) The requested amount does not exceed twenty-five percent of plaintiff's past-due benefits. Second, there is no evidence of fraud or overreaching in the agreement between plaintiff and Olinsky. Third, the *de facto* hourly rate is reasonable. Olinsky seeks payment for 29.3 hours of work—that is, 23.7 attorney hours and 5.6 paralegal hours, for an effective hourly rate of $353.33 for attorneys. (Olinsky Decl. ¶ 9, Exs. C, D, and E.) This rate is not disproportionate to the time Olinksy expended and lower than rates approved in similar contingency fee cases. See, e.g., Fields, 24 F.4th at 856 n.10 (citing cases in which the *de facto* hourly rate ranged from $1,289.06 to $2,100); Bogner v. Comm'r of Soc. Sec., No. 20 CV

5

10724, 2026 WL 1623004, at *1 (S.D.N.Y. June 5, 2026) (approving fees at an effective hourly rate of $430.02); Trotta-Heim v. Comm'r of Soc. Sec., No. 19 CV 8275, 2026 WL 861494, at *2 (S.D.N.Y. Mar. 28, 2026) (approving fees at an effective hourly rate of $1,742.62).  "Given that all of the circumstances of the fee application here are fair and reasonable and within the statutory framework, that the award would not provide a problematic windfall to counsel, and in light of the importance of contingency arrangements in ensuring that 'people in need of good lawyers' are able to hire them, the Court finds that counsel's fee request is not unreasonable and should be approved."  Lapompe v. Comm'r of Soc. Sec. Admin., No. 21 CV 4160, 2025 WL 624423, at *3 (E.D.N.Y. Feb. 7, 2025) (quoting Fields, 24 F.4th at 849), report and recommendation adopted, 2025 WL 622877 (E.D.N.Y. Feb. 26, 2025).  Because an attorney cannot receive fees under both the EAJA and 42 U.S.C. § 406(b), Olinsky must return the EAJA award of $2,744 to plaintiff.  See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the motion be granted and plaintiff's counsel awarded $8,934 out of plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b).  I further recommend that plaintiff's counsel be directed, upon receiving payment of the section 406(b) award, to promptly refund the previously awarded EAJA fee of $2,744 to plaintiff.  Any objections to this report and recommendation must be filed electronically within fourteen days.  Failure to file objections within the specified time waives the right to appeal.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b), 6(a), 6(d).

Respectfully submitted,

*Robert M. Levy*

ROBERT M. LEVY

United States Magistrate Judge

Dated: Brooklyn, New York
       July 7, 2026

6